THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:97-cr-00290-MR-9

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MICHAEL ANTOINE JEFFERIES, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's request for an early termination of his term of supervised release [Doc. 320].

On May 28, 1998, the Defendant pleaded guilty to two counts of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846; one count of conspiracy to possess with intent to distribute cocaine and committing an offense while on pretrial release, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 3147; and one count of conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 952 and 963. [Doc. 248]. The Defendant was sentenced on May 6, 1999, to a total of 212 months of imprisonment, followed by ten (10) years of supervised release. [Id.]. The Defendant was released from prison and

began serving his term of supervised release on April 14, 2014. The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). [Doc. 320].

According to the Defendant's supervising probation officer, the Defendant has maintained steady employment. The Defendant reportedly failed to appear for urinalysis testing on three dates without a valid excuse; however, the last of these occurred in July 2017. In October 2014, the Defendant tested positive for amphetamines, but this appeared to be related to him taking a lawful, prescribed medication at the time. In May 2018, the Defnedant was issued a citation for no seat belt and failed to report this infraction to his supervising officer. Outside of these issues, the probation officer reports that the Defendant has been compliant with the terms and conditions of supervised release.

In light of the number of minor violations that the Defendant has committed, and the fact that the Defendant has served less than half of the imposed term of supervision, the Government has advised the Court that it opposes the Defendant's request.

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the

defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In the present case, the Defendant has completed approximately four years and four months of his ten-year term of supervised release. While the Defendant generally has been compliant with the terms and conditions of supervised release, he has had a number of minor infractions. Additionally, he not yet completed even half of the imposed term of supervised release. For these reasons, the Court is not satisfied that termination is warranted under the circumstances at this time. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's request for an early termination of his term of supervised release [Doc. 320] is **DENIED without prejudice**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.** Signed: September 25, 2018

Martin Reidinger
United States District Judge